BAIRD et al. v. PRATT et al.

(Circuit Court of Appeals, Eighth Circuit. November 9, 1906.)

No. 2,390.

SALE—CONTRACT—ORDER FOR GOODS REQUIRING ACCEPTANCE.

A written and signed order for goods, given to the traveling salesman of a wholesale house and by him sent to his employers, who had the right to accept or reject the same, until its acceptance, was merely an offer to purchase, binding on neither party, and the shipment of the goods alone, with an invoice making the terms of payment different from those stated in the order, did not constitute an acceptance, which converted it into an executed contract binding on the purchasers, who had the right to refuse to receive the shipment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 46, 47, 59.]

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 89 S. W. 618.

W. H. Kornegay, for plaintiffs in error.

Eugene B. Lawson and H. S. Montgomery, for defendants in error.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

ADAMS, Circuit Judge. This suit was founded on an instrument of writing executed by plaintiffs in error, who were defendants below, in their firm name of Baird Bros., and claimed by defendants in error, who were plaintiffs below, to be an executory contract for the purchase of merchandise. Defendants contend that the writing is a mere proposition to purchase, which required acceptance by plaintiffs before it became a contract, and that it was never accepted by them. The case was tried in the United States Court for the Northern District of the Indian Territory and resulted in a judgment in favor of plaintiffs, which was afterwards appealed to the United States Court of Appeals in the Indian Territory, where it was affirmed, and is now brought here by writ of error. Other questions are presented in briefs of counsel, but the case will be effectually disposed of by deciding the contention just mentioned.

The instrument of writing is couched throughout in the language of an order or proposition to buy goods on terms stated in it, and no claim could be made that it was a contract of purchase, except for the fact that at the left hand of the signature of defendants' firm, signed at the bottom of the instrument, the signature of plaintiffs appears as follows: "Walter Pratt & Co., by P. W. Bouldin, Salesman." It is observed that there is no attendant explanatory word or words, like "Witness," or "Accepted," indicating the intent or purpose of the signature. The proof, however, clearly shows that its purpose was not to

accept the proposition of defendants. Bouldin was a traveling sales-man for plaintiffs, who did business in Chicago under the firm name of Walter Pratt & Co., and was, at the time the order was signed, repre-senting them in the Indian Territory. No claim is made in the proof that he was authorized to make binding contracts of sale for plaintiffs while on the road. On the contrary, his duty appears to have been to take orders and report them to his principals for their action. The tes-timony is undisputed and conclusive that the firm reserved the right to pass on the orders sent in by its traveling salesmen, and that such or-ders were not accepted until they reached defendants' place of business and were acted on by them. Walter I. Pratt, the managing partner of plaintiffs, testified that he had "direction of the correspondence and shipping of goods and O. K.'ing of orders." In view of this proof the signature of plaintiffs' firm by its salesman at the bottom of the order cannot be regarded as an acceptance. It was probably a memorandum, showing what salesman took the order, or it was placed there to witness the genuineness of defendants' signature.

The usual course of business was pursued in this case. Bouldin se-cured the order in question on April 24, 1903. On April 25th he wired it to his house, making use for that purpose of a private code. Plain-tiffs did not write or otherwise communicate with defendants any ac-ceptance of their order, other than by shipping the goods and sending to defendants by mail an invoice and bill therefor. On receipt of the invoice and bill, defendants wrote plaintiffs declining to receive the goods on the ground that they had not been shipped according to the terms of the order. The proposition contained in the order was to pay for the goods within thirty days, with a discount of 6 per cent. for cash; or to pay for the same in five notes, each for one-fifth of the purchase price, payable in two, four, six, eight, and ten months, respectively, without discount. The terms of the purchase contained in the invoice and bill sent defendants with the goods were to pay the purchase price within 15 days, with a discount of 5 per cent. for cash, or in four notes each for one-fourth of the purchase price, payable in two, four, six, and eight months, respectively, without a discount. This was a material departure from the terms of the order. It invalidated the order as made, and amounted to a counter proposition, which defendants were at liberty to accept or decline as they pleased. They exercised their right, and declined to accept, and peremptorily withdrew the original proposition. This they had the right to do. Beach on Modern Law of Contracts. vol. 1, § 51, and cases cited. In Minneapolis, etc., Rv. v. Columbus R'g Mill, 119 U. S. 149, 151, 7 Sup. Ct. 168, 169, 30 L. Ed. 376, Mr. Justice Gray states the well-settled law in the following words ·

"As no contract is complete without the mutual assent of the parties, an offer to sell imposes no obligation until it is accepted according to its terms. So long as the offer has been neither accepted nor rejected, the negotiation remains open, and imposes no obligation upon either party. The one may decline to accept, or the other may withdraw his offer; and either rejection or withdrawal leaves the matter as if no offer had ever been made. A proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the orig-

inal offer renews it, or assents to the modification suggested. The other party, having once rejected the offer, cannot afterwards revive it by tendering an acceptance of it."

The record in this case shows no acceptance by plaintiffs of defendants' proposition, other than that involved in the shipment of the goods and the accompanying invoice and bill. They evince no mutual assent of the parties, and defendants had a right to decline to take the goods as they did.

The appellate court, in affirming the judgment of the trial court, made reference to the terms found in the invoice and bill as a mistake on the part of plaintiffs in billing them. We find no evidence in the record of any such mistake. The trial court and the appellate court erred in treating the offer as an executory contract. The former should have given the instruction to the jury, as requested by defendants' counsel, that on the pleadings and proof plaintiffs could not recover, and the latter should have reversed the judgment for its failure to do so.

The judgment is reversed, and the cause remanded to the United States Court for the Northern District of the Indian Territory, with directions to grant a new trial.