# Staunton.

## C. J. CREWS v. G. A. SULLIVAN.

September 21, 1922.

1. BROKERS—*Real Estate Brokers—Definition—Duties—Implied Power to Fix Terms of Sale.*—A real estate agent is defined to be one who negotiates the sale of real estate. Generally his duty is only to find a purchaser who is ready, willing and able to take the property at the price and upon the terms fixed by the owner. He has no *implied* authority to fix the terms of sale, or to sign a contract of sale on behalf of his principal.

2. BROKERS—*Real Estate Brokers—Authority to Fix Terms of Sale—Case at Bar.*—In the instant case, an action by a real estate broker for commissions, the contract between the broker and the landowner stated, "Price $8,000.00; on easy terms. Will pay five per cent. commissions, if you make sale."

   *Held:* That as this contract contained no provision expressly authorizing the broker to fix the terms of the sale or to enter into any contract of sale not approved by the owner, the owner was within his right in informing the broker and the purchaser as soon as apprised of the terms of the sale that he refused to approve them.

3. BROKERS—*Real Estate Brokers—Terms of Sale—Right to Commissions.*—A real estate agent can sell only upon terms fixed by his principal and unless he can show that he has completed his undertaking according to its terms, or that its completion was prevented without his fault by his principal at a time or under circumstances when the latter had no right to interfere, he is not entitled to compensation.

4. CONTRACTS—*Offer—Withdrawal—Acceptance Varying From Offer.*—An offer may be withdrawn at any time before acceptance. A proposition must be accepted before it is withdrawn or it becomes inoperative. There must be no variance between the acceptance and the offer. Accordingly, a proposal to accept, upon terms varying from those offered is a rejection of the offer and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested.

5. CONTRACTS—*Offer—Acceptance After Rejection—Conditional Acceptance Followed by Unconditional Acceptance.*—A party, having once rejected an offer, cannot afterwards revive it by tendering an acceptance of it, and having in effect rejected the offer by his conditional acceptance, the offeree cannot subsequently bind the offeror by an unconditional acceptance.

6. CONTRACTS—*Offer—Acceptance—Reasonable Time.*—Where an offer is made without any limitations as to time, unless accepted within a reasonable time, the law presumes it to be withdrawn, and a subsequent acceptance will impose no obligation on the proposer, · although he has done no act and given no notice of its withdrawal.

7. VENDOR AND PURCHASER—*Conditional Acceptance of Proposal of Vendor.*—If, to the acceptance of the proposal of a vendor, a condition be affixed by the party to whom the offer is made, or any modification or change in the offer be made or requested, this will constitute a rejection of the offer.

8. VENDOR AND PURCHASER—*Conditional Acceptance of Proposal of Vendor—Case at Bar.*—A real estate broker entered into a contract with a landowner containing no provision expressly authorizing the broker to fix the terms of sale. Under this authority the broker entered into a contract with a purchaser allowing nine years for installment payments of the purchase price. This contract the owner refuses to approve, but wrote the purchaser that he would accept five year terms. To this letter the purchaser made no reply, but his attorneys wrote the owner that while they were not authorized to vary the terms of the purchase, they were inclined to advise their client to make some concessions in order to close the deal. The broker tendered the purchaser the first payment and testified that when he did so he was claiming under the original nine year contract.

   *Held:* That, the language of the letter of the attorneys, and the conduct of the broker in insisting on the nine year contract, constituted a rejection of the five year offer.

9. CONTRACTS—*Offer—Withdrawal—Rejection—Acceptance.*—A party cannot accept an offer which has been withdrawn or which he has already rejected.

10. BROKERS—*Real Estate Brokers—Terms of Sale—"Easy Terms."*—A contract between a broker and a landowner contained the following stipulation: "Price $8,000.00; on easy terms. Will pay five per cent. commissions, if you make sale."

    *Held:* That, the words "easy terms" were absolutely indefinite, and left the terms of the sale open for the approval of the owner, and that while it was true that the broker was a special agent for the owner to sell the property in question, there was nothing in the evidence to warrant the jury in holding that the broker, as such agent, was vested with authority to fix the terms of sale, without regard to the wishes of the owner.

11. BROKERS—*Real Estate Brokers—Terms of Sale—"Easy Terms."*—A contract between a broker and a landowner contained the following stipulation: "Price $8,000.00; on easy terms. Will pay five per cent commissions, if you make sale." In an action for commissions the broker testified that he told the owner that a purchaser was offering $2,500.00 cash and wanted good terms on the balance, and that the owner said, "I am not particular about the balance."

*Held:* That this language was not sufficiently definite to bind the owner to accept any terms of sale which the broker might see fit to name.

12. CONTRACTS—*Mutuality—Meeting of Minds.*—Mutuality of obligation is essential to the validity of a contract, and it is not binding upon either party until the minds of the parties meet on one and the same set of terms.

13. APPEAL AND ERROR—*Judgment by Appellate Court—Section 6365 of the Code of 1919.*—On error to a judgment in favor of a broker in an action by the broker for commissions, the Supreme Court of Appeals, upon reversal of the judgment, having no reason to believe that on another trial new or different evidence might be introduced which ought to affect the result, entered final judgment for the defendant under section 6365 of the Code of 1919.

Error to a judgment of the Circuit Court of Montgomery county, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed and final judgment.*

The opinion states the case.

*V. M. Sowder* and *R. L. Jordan*, for the plaintiff in error.

*Harless & Colhoun*, for the defendant in error.

WEST, J., delivered the opinion of the court.

G. A. Sullivan, hereafter called the plaintiff, recovered a judgment against C. J. Crews, hereafter called the defendant, for $400.00, with interest from November 1, 1920, and costs. The case is here upon a writ of error to that judgment.

On August 16, 1920, C. J. Crews placed his house and lot in the city of Radford in the hands of G. A. Sullivan, a real estate agent, for sale. The contract was in writing and the terms of sale therein stated were, "Price $8,000.00; on easy terms. Will pay five per cent. commissions, if you make sale."

On September 1, 1920, Sullivan, signing as agent for C. J. Crews, entered into a written contract with R. H. Moore and wife by which he undertook to sell the property to them for $8,000.00, $2,500.00 cash and the balance of $3,500.00 to be paid at the rate of $600.00 annually, with interest.   On September 3, 1920, when Sullivan informed him of the terms of the contract with Moore and wife, Crews declined to accept them, and on September 20th wrote Sullivan he would not accept the terms, made in his absence.   On September 21, 1920, he wrote R. H. Moore that he could not accept the nine year terms and would not accept over five years of equal installments, and requested him to let him know *at once* whether he wanted the property on five instead of nine deferred payments. Moore thereupon placed the matter in the hands of his attorneys, Messrs. Harless & Colhoun, and on October 6th they wrote Crews, referring to the contract between Sullivan and Crews, and asking him what he considered "reasonable terms."   Crews replied on October 11th, stating that as an offer of compromise to prevent any further misunderstanding he was willing to convey the property to Moore and wife for the cash payment mentioned and deferred payments in equal installments of one, two and three years, with interest from date of sale, secured by deed of trust on the property and insurance on the buildings, adding that the terms of one, two and three years were "easy and reasonable."   On October 1st, Sullivan tendered Crews a check for the $2,500.00 under the contract of September 1, 1920, which was refused.   On October 13, 1920, Messrs. Harless & Colhoun wrote Crews, referring to his letter of September 21st to Moore, and stated that Moore and wife were then willing to accept the five year proposition, but if they had to sue they

would insist upon the terms as agreed upon by his agent, and asked whether this their final offer would be accepted.

The defendant relies on a number of assignments of error, but in our view of the case it will be necessary to consider only the eighth assignment which relates to the refusal of the court to set aside the verdict of the jury.

[1] A real estate agent is defined to be one who negotiates the sale of real estate. Generally his duty is only to find a purchaser who is ready, willing and able to take the property at the price and upon the terms fixed by the owner. He has no *implied* authority to fix the terms of sale, or to sign a contract of sale on behalf of his principal. *Halsey* v. *Monteiro*, 92 Va. 583, 24 S. E. 258; *Davis* v. *Gordon*, 87 Va. 559, 13 S. E. 35; *Kramer* v. *Blair*, 88 Va. 456, 13 S. E. 914; *Duffy* v. *Hobson*, 40 Cal. 240, 6 Am. Rep. 617; *Force* v. *Dutcher*, 18 N. J. Eq. 401.

[2] The contract of August 16, 1920, contains no provision expressly authorizing Sullivan to fix the terms of sale or to enter into any contract of sale not approved by Crews. As soon as Sullivan informed Crews of the terms of the sale, upon which he had undertaken to sell the property to Moore and wife, he refused to approve them and so informed Sullivan and Moore.

[3] A real estate agent can sell only upon terms fixed by his principal and unless he can show that he has completed his undertaking according to its terms, or that its completion was prevented without his fault by his principal at a time or under circumstances when the latter had no right to interfere, he is not entitled to compensation. *Caldwell* v. *Tannehill*, 117 Va. 11, 84 S. E. 6; Mechem on Agency, sec. 2427.

The record fails to disclose any improper conduct in this respect on the part of C. J. Crews. In his letter to R. H. Moore, dated September 21, 1920, Crews says, "I am notifying you that I cannot accept the nine years terms. Will not accept over five years of equal installments. I told Mr. Sullivan this on my return to the city. He had no authority to make such long terms. Let me know *at once* if you will come to those terms." The plaintiff contends that the acceptance of the five year terms by him, contained in the letter of his attorneys, Messrs. Harless & Colhoun, to C. J. Crews, dated October 13, 1920, entitled him to recover his commissions.

[4, 5] It is settled law that an offer may be withdrawn at any time before acceptance. A proposition must be accepted before it is withdrawn or it becomes inoperative. There must be no variance between the acceptance and the offer. Accordingly, a proposal to accept, upon terms varying from those offered is a rejection of the offer and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested. The other party, having once rejected the offer, cannot afterwards revive it by tendering an acceptance of it. Having in effect rejected the offer by his conditional acceptance, the offeree cannot subsequently bind the offeror by an unconditional acceptance. 6 R. C. L., p. 608, sec. 31; *Baird* v. *Pratt*, 148 Fed. 825, 78 C. C. A. 515, 10 L. R. A. (N. S.) 1116; *Maclay* v. *Harvey*, 90 Ill. 525, 32 Am. Rep. 35; *Egger* v. *Nesbit*, 122 No. 637, 27 S. W. 385, 43 Am. St. Rep. 596; *Hutchinson* v. *Bowker*, 5 M. & W. 535; *Hyde* v. *Wrench*, 3 Beav. 336.

[6] Where an offer is made without any limitations as to time, unless accepted within a reasonable time, the law presumes it to be withdrawn, and a subsequent

acceptance will impose no obligation on the proposer, although he has done no act and given no notice of its withdrawal.  6 R. C. L. p. 610, sec. 32; *Ferrier* v. *Stover*, 63 Ia. 484, 19 N. W. 288, 50 Am. Rep. 752.

[7] If to the acceptance of the proposal of a vendor a condition be affixed by the party to whom the offer is made, or any modification or change in the offer be made or requested, this will constitute a rejection of the offer.  6 R. C. L., p. 608, sec. 31; *Weaver* v. *Burr*, 31 W. Va. 736, 8 S. E. 743, 3 L. R. A. 94; *Ins. Co.* v. *Carrington*, 3 Conn. 357; *Railroad Co.* v. *Bartlett*, 3 Cush. (Mass.) 225; *Four Oil Co.* v. *United Oil Producers*, 145 Cal. 623, 79 Pac. 366, 68 L. R. A. 226.

[8] The letter of September 21, 1920, requested that Moore let Crews know at once whether he would come to the five year terms.  To this letter Moore makes no reply, but on October 6th, his attorneys write Crews, saying they are not authorized to vary the terms of the purchase, but in case Crews is. disposed to meet their clients on an equitable basis, they are inclined to advise them to make some concessions in order that the deal may be closed at an early date.  The plaintiff testified that when he tendered the check for $2,500.00 to defendant on October 1st, he was claiming under the original contract, which provided for a credit of nine and one-half years.  Having the five year offer then in hand, the language of the letter of October 6th, fairly construed, and the conduct of Sullivan in insisting on the nine and a half years time, constituted a rejection of the five year offer.

[9] On October 11th, Messrs. Harless & Colhoun wrote Crews, asking for an answer to their letter of October 6th, and the same day Crews replied to the letter of October 6th, saying he was willing to accept the cash payment and the balance in three equal payments of

one, two and three years, with interest. This letter fairly construed was a withdrawal of the five year proposition. On October 13th, Messrs. Harless & Colhoun wrote Crews that Moore was willing to accept the five year proposition. This acceptance came too late since a party cannot accept an offer which has been withdrawn or which he has already rejected.

[10, 11] The words "easy terms," contained in the contract of August 16th, are absolutely indefinite, and left the terms of the sale open for the approval of the owner. While it is true Sullivan was the special agent for Crews to sell the property in question, there is nothing in the evidence to warrant the jury in holding that Sullivan, as such agent, was vested with the authority to fix the terms of sale, without regard to the wishes of Crews. It is true the plaintiff testified that when he told Crews Moore was offering $2,500.00 cash and wanted good terms on the balance, Crews said, "I am not particular about the balance," but this language is not sufficiently definite to bind Crews to accept any terms of sale which Sullivan might see fit to name.

The doctrine announced in *Smith* v. *Tate*, 82 Va. 664, relied on by the plaintiff, that, being constituted agent and authorized to make the sale, he had authority to execute the agreement of sale to the purchaser, upon the theory that authority to sell implies an authority to do anything necessary to complete the sale and make it binding, has no application in a case where the owner has not named the terms of sale, which were accepted before withdrawal, or authorized the agent to name them for him.

[12] Mutuality of obligation is essential to the validity of a contract, and it is not binding upon either party until the minds of the parties meet on one and

the same set of terms.    This was never done in the instant case.

For the foregoing reasons, we are of opinion that the evidence fails to establish a case which entitled the plaintiff to recover.    This conclusion makes it unnecessary to consider the other assignments of error since they could not affect the result.

[13] The verdict of the jury must be set aside and the judgment reversed, but a new trial will not be granted.    Having no reason to believe that on another trial new or different evidence might be introduced which ought to affect the result, we shall dispose of the case under section 6365 of the Code and enter final judgment for the defendant.

*Reversed and final judgment.*