## CIRCUIT COURT OF HENRICO COUNTY

R. L. Dixon, Inc.

v.

Hendrick Constr. Co., Inc.

October 30, 1980

Case No. 77-L-444

BY JUDGE E. BALLARD BAKER

Dixon, aware that Hendrick was bidding as general contractor on construction of East End Elementary School, quoted a bid to Hendrick and other contractors for the electrical work on the project.

On September 23, 1977, Dixon was told by Nelms, the estimator for Hendrick, that Dixon was the "low electrical," that Hendrick expected the contract from the County and was asked by Nelms to "go ahead with all you could do without a purchase order" and to prepare submittals. Dixon later talked further with Nelms and was told "As soon as I get a contract, I'll get it to you." When Dixon said he was getting submittals, Nelms said "Fine."

Eventually Dixon found out that Hendrick had received the contract from the County and had given the electrical work to Varina Electrical.

Dixon also testified that it was standard practice to get started on word from the general contractor, but the sub-contractor would not go on site with equipment until it had a written contract, though Dixon has done so. He said it was customary to get a written contract, but it depends on who you work for.

After September 23, Dixon got his insurance, which he was later able to cancel without cost, and began preparation of submittals but did not complete them prior to

finding the work was given to someone else. He states that he did all he could up to receiving a written contract. No material was ordered.

This raises questions of the authority of Nelms to bind Hendrick and the effect of his acts.

Nelms was an employee of Hendrick. He was authorized by Hendrick to receive bids from others in his employment as an estimator. In the Admissions, Hendrick admitted the above, but denied Nelms was a project manager.

There is no evidence that Nelms had actual authority to bind Hendrick. Dixon relies on apparent authority.

> The act of an agent within the apparent authority, but not within the real, scope of his authority, is binding on the principal when loss would otherwise result to one who has in good faith relied on such apparent authority.

1A M.J., *Agency*, § 20.

A cite from 3 Am. Jur. 2d, *Agency*, §§ 75, 76, appears to require a change of position by the one relying on apparent authority.

It has not been shown that Nelms, on prior occasions, ever bound Hendrick in contracts with sub-contractors or had actual authority to do so. Testimony was presented that an estimator takes bids and sets jobs up, but there was no testimony that an estimator is authorized to bind his employees on a contract.

Putting aside the authority of Nelms for the moment, consider what he said and the effect of it. Was this an unequivocal acceptance? What about the intent to send a contract for execution?

An acceptance must be unequivocal. What Nelms said is that Dixon is low bidder, go ahead and get submittals and do all you can do without a purchase order. As I read the few cases cited in Selections from Williston on Contracts, Revised Edition, § 72, what Nelms said falls short.

There is also the question about the reference to a future written contract. On this point, the rule applicable is stated in *Agostini* v. *Consolvo*, 154 Va. 203 (1930), as follows:

Where the minds of the parties have met and they are fully agreed and they intend to be bound there is a binding contract, even though a formal contract is later to be prepared and signed.

154 Va. at 212.

The circumstances that a formal contract is to be prepared raises a presumption arises that no final contract has been entered. *Measell* v. *Baruch*, 152 Va. 460, 467 (1929).

See, generally, 17 Am. Jr. 2d, *Contracts*, §§ 23-29; 4B M.J. *Contracts*, § 16.

It comes down to a question of intention of the parties, to be determined from their words. The custom in the business and the amount involved are among the factors to be considered.

Considering all the evidence presented, I do not believe there has been an unequivocal acceptance. I am also influenced by the absence of any substantial change of position by Dixon. In my judgment Hendrick cannot be held bound by the actions of Nelms.

This is unlike the situation where a general contractor, relying on the formal bid of a sub-contractor, obligates himself to the owner or builder. In that case, there can be reliance and entry into a contractual relationship of substance based on the bid of the sub-contractor. A similar element is missing here.

An Order in accord, granting judgment to the defendant, is being entered.