**Vern E. CHRISTY, Appellant,**

v.

**Olga Mae ANDRUS, Appellee.**

**No. 11–86–111–CV.**

Court of Appeals of Texas, Eastland.

Jan. 15, 1987.

Rehearing Denied Feb. 12, 1987.

---

Mike A. Hatchell, Thomas W. Reardon, Jr., Ramey, Flock, Hutchins, Jeffus, Crawford & Harper, Tyler, for appellant.

David Nobles, Smead, Anderson, Wilcox & Dunn, Longview, for appellee.

## OPINION

McCLOUD, Chief Justice.

This is an insurance subrogation case. The Travelers Insurance Company filed suit in the name of its insured, Vern E. Christy, against Olga Mae Andrus, for damages to Christy's automobile which occurred on October 22, 1981. Suit was filed on December 2, 1985. Defendant filed her original answer urging the two-year statute of limitations. TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.003 (Vernon 1986). Plaintiff amended his petition and alleged additionally that on November 8, 1982, the authorized agent of defendant made an "offer" to plaintiff to settle the controversy and that plaintiff, on February 3, 1984, sent to defendant's authorized agent a letter communicating "acceptance" of the November 8, 1982, offer. Plaintiff alleged that on February 3, 1984, a signed release was tendered as requested by the November 8 offer and at that point a "binding contract was reached between the Plaintiff and the Defendant."

Defendant filed a motion for summary judgment asserting that plaintiff's petition shows that the suit was barred by the applicable statute of limitations. Defendant further alleged that defendant's agent offered to settle the controversy on November 8, 1982, but that plaintiff failed to respond to the offer until February 3, 1984, almost 15 months after the offer was made. Defendant asserted that plaintiff failed, as a matter of law, to accept the settlement offer within a reasonable time. Therefore, no contract was ever reached between the plaintiff and the defendant settling the case.

Plaintiff's written response to the motion for summary judgment states that material issues of fact exist as to whether or not the doctrine of estoppel defeats defendant's statute of limitations defense; as to whether or not a valid contract exists; and as to the reasonableness of time in which the offer was accepted.

The trial court granted defendant's motion for summary judgment. Plaintiff appeals. We affirm.

On November 8, 1982, Kathy Sellers, an employee of Aetna Casualty and Surety Company (defendant's liability insurance carrier) wrote the following letter to Paul Sadler, the attorney representing The Travelers Insurance Company:

We are in receipt of your letter of representation dated 10–29–82. We have contacted your client, Travelers Insurance Company, several times in attempt to settle this claim.

At the present time there is $8,507.82 left in the property damage coverage. We will be happy to settle this claim in exchange for a signed release.

Please contact us at your *earliest possible convenience* to conclude this matter. (Emphasis added)

On February 3, 1984, Michael Ace, an attorney for Travelers, wrote Sellers informing her that Sadler was no longer with the law firm and that he would be handling the file. Ace tendered a release executed by him as attorney for Travelers. On February 20, 1984, Aetna's employee, Gale Ballard, responded to Ace's letter by stating that Aetna had attempted to settle the claim but the offer was refused. Ballard

pointed out that the statute of limitations had run out and that Aetna would not be making any payment on the claim.

Every agreement, whether written or oral is the result of and springs from an offer and the acceptance thereof. Before an offer can become a binding contract, the offer must be accepted. 17 C.J.S. *Contracts* sec. 39 (1963). Sellers' letter of November 8, 1982, at most, could only be construed as an offer to settle the claim for $8,507.82 "in exchange for a signed release." We agree with the allegations in plaintiff's amended petition that plaintiff attempted to accept the offer on "February 3, 1984," when plaintiff tendered the release signed by Ace as attorney for Travelers.

Travelers made no attempt to accept the offer for approximately 15 months. The general rule is that if no time is fixed for the acceptance of an offer, the offer terminates at the expiration of a reasonable time. *Moore v. Dodge*, 603 S.W.2d 236 (Tex.Civ.App.—El Paso 1980, no writ); 17 AM.JUR.2d *Constitutional Law* sec. 35 (1964). What is a "reasonable time" depends upon the facts and circumstances of each case. 14 TEX.JUR.3d *Contracts* sec. 70 (1981). Usually, this would be a question of fact. In determining what is reasonable, it is stated in RESTATEMENT (SECOND) of CONTRACTS sec. 41 (1981):

> The circumstances to be considered have a wide range: they include the nature of the proposed contract, the purposes of the parties, the course of dealing between them, and any relevant usages of trade. In general, the question is what time would be thought satisfactory to the offeror by a reasonable man in the position of the offeree....

However, what is a "reasonable time" may become a question of law where the significant facts and circumstances are not in dispute. *Smith v. Sabine Royalty Corporation*, 556 S.W.2d 365 (Tex.Civ.App.—Amarillo 1977, no writ).

The affidavit of Sellers states that the only contact she had with Travelers or its attorneys concerning the settlement offer was the November 8, 1982, letter. There was never any oral or telephone discussions. She stated that it "is the usual and customary practice in the insurance industry to respond to such a settlement offer within a few weeks." None of these statements are contradicted. In the letter, Sellers specifically requested Sadler to contact her "at your earliest possible convenience to conclude this matter."

The thrust of Sadler's affidavit is that he considered the case settled when he received the November 8, 1982, letter from Sellers. Ace also stated that when he took over the file he concluded from reading the November 8 letter that the case had been settled.

We hold that the November 8, 1982, letter from Sellers to Sadler was an offer to settle the case. Ace responded to the offer 15 months later. At that time, Ace tendered a release. We hold that under the facts and circumstances surrounding the offer and attempted acceptance, the acceptance, as a matter of law, was not performed within a reasonable time.

We disagree with plaintiff's argument that a genuine material issue of fact exists as to whether a binding contract was made when Sellers sent the November 8, 1982, letter to Sadler. It was clearly an offer which was not timely accepted by Travelers. We do not think that an issue of fact has been presented merely because Sellers stated in her first affidavit that she had "agreed" to settle the case when she sent Sadler the letter. This controversy springs from the letter. The parties had no communication other than the letter. The letter contains an offer which had to be timely accepted before a contract would exist.

Plaintiff cites *Mandola v. Mariotti*, 557 S.W.2d 350 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ), and argues that a material issue of fact exists as to whether defendant is estopped to rely upon the statute of frauds. *Mandola* is clearly distinguishable. There, a claims adjuster contacted an injured plaintiff and told the plaintiff that she did not need an attorney because the insurance company would take

care of all damages. The claims adjuster assured the plaintiff periodically that the company would take care of the damages and, in fact, paid certain medical bills. There is no comparable summary judgment proof in the instant case.

The record before us shows that Sellers wrote a letter to the attorney for Travelers offering to settle the case in exchange for a release. Some 15 months later, another attorney for Travelers reviewed the file and tendered a release signed by the attorney.

There is no summary judgment proof that the defendant or her representative made a misrepresentation of a material fact. We agree with the trial court that the summary judgment proof does not raise a material fact issue as to estoppel.

The judgment of the trial court is affirmed.

ARNOT, J., not participating.