# CIRCUIT COURT OF THE CITY OF HOPEWELL

William E. Calvert

    v.

Sue Gilbert

November 9, 2012

Case No. CL11-00301

BY JUDGE NATHAN C. LEE

The Court must decide whether to grant Plaintiff's Motion to Enforce Settlement totaling $125,000.00 reached between the Plaintiff and Farm Bureau Insurance on behalf of the Defendant and INS Insurance, Inc., on behalf of Plaintiff.

*Facts*

This suit arose from an automobile accident between Plaintiff William Calvert and Defendant Sue Gilbert which occurred on or about May 13, 2009, in the City of Hopewell, Virginia. The accident caused Mr. Calvert to suffer serious injuries, to incur approximately $75,000.00 in medical bills, and to lose significant wages. At the time of the accident, Defendant was insured under a policy from Farm Bureau with applicable limits of $100,000.00. It is undisputed that Farm Bureau offered its $100,000.00 policy limits by letter dated November 16, 2010, "contingent upon a waiver of subrogation from all underinsured motorists carriers." INS Insurance, Inc., indicated on November 24, 2010, that it would provide additional underinsured motorist coverage in the amount of the $25,000.00 policy limit. By letter dated September 7, 2012, and faxed and mailed on that date to both counsel for Farm Bureau and INS, Plaintiff's counsel on behalf of Plaintiff accepted the total settlement offer of $125,000.00. The letter pertinently states to counsel for INS that the Plaintiff agreed to settle for the total available coverage of $125,000.00, of which $25,000.00 (the policy limits) would come from INS Insurance. Counsel for Farm Bureau has indicated that Farm Bureau is prepared to pay its $100,000.00 portion of the settlement. Counsel for INS

has indicated that INS refuses to pay its portion of $25,000.00 and further relayed that INS made a unilateral mistake when it offered $25,000.00 to Plaintiff because there was no underinsured motorist coverage in Plaintiff's policy. INS acknowledges that they never withdrew the offer and never advised Plaintiff that the offer was made in error. Subsequently, Plaintiff then filed this Motion to Enforce Settlement.

## Discussion

The *Restatement (Second) of Contracts* states that an offer gives a power of acceptance to the offeree. *Restatement (Second) of Contracts* § 35(1) (1981). But a contract cannot be created once the power of acceptance has been revoked, such as due to the passage of time. *Restatement (Second) of Contracts* § 36 (1981). When there is no stated time for the expiration of an offer, the offeree's power of acceptance is terminated at the end of a reasonable time. *Restatement (Second) of Contracts* § 41(1) (1981). Further, "[w]hat is a reasonable time is a question of fact, depending on all the circumstances existing when the offer and attempted acceptance are made." *Restatement (Second) of Contracts* § 41(2) (1981).

Virginia is in accord with the view of the *Restatement (Second)*. Virginia has ruled that "[w]here an offer is made without any limitations as to time, unless accepted within a reasonable time, the law presumes it to be withdrawn, and a subsequent acceptance will impose no obligation on the proposer, although he has done no act and given no notice of its withdrawal." *Crews v. Sullivan*, 133 Va. 478, 483-84, 113 S.E. 865, 867 (1922); *see also Martin v. Basham*, 216 Va. 914, 916, 223 S.E.2d 899, 900 (1976).

There is no Virginia case law on point with this matter. Therefore, the Court has looked to other states for guidance on the law. Contract law governs the enforceability of settlement agreements. *Century Inn, Inc. v. Century Inn Realty, Inc.*, 516 A.2d 765, 767 (Pa. Super. Ct. 1986). Further, the Court will enforce the settlement if all of the material terms of the bargain are agreed upon. *Id.* When the facts are undisputed, the reasonableness of the time of acceptance is a question of law for the Court. *Vaskie v. West Amer. Ins. Co.*, 556 A.2d 436, 439 (Pa. Super. Ct. 1989).

The lapse of almost two years between the settlement offer by both Farm Bureau and INS and Plaintiff's subsequent acceptance is not an unreasonable delay. While other states have ruled differently, the circumstances in this case differ from the non-binding cases from other jurisdictions. In Texas, for example, the Court of Appeals found that no contract for settlement was reached in a car accident insurance subrogation case between a plaintiff's insurance company and the defendant driver. *Christy v. Andrus*, 722 S.W.2d 822, 824 (Tex. App. 1987). The authorized agent of the defendant tendered an offer for settlement of the case which plaintiff accepted fifteen months later. *Id.* at 823. Because there was no communication about the settlement

other than the delayed acceptance, the acceptance was deemed unreasonable as a matter of law. *Id.* at 824. *See also In re Marriage of Masterson*, 453 N.W.2d 650, 653 (Iowa App. 1990) (acceptance of a settlement agreement six months later that did not specify a time for acceptance was ruled a late acceptance and thus a counteroffer); *Modern Pool Products, Inc. v. Rudel Machinery Co.*, 294 N.Y.S.2d 426, 429 (N.Y. Civ. Ct. 1968) (finding that 114 day delay between offer and acceptance was unreasonable because such an extended time for acceptance was not within the contemplation of the offer due to factors like the price quoted was subject to change without notice and the parties were not prevented from rapid communication).

Because reasonableness is determined based on the circumstances in the case, such as accepted industry practices, the acceptance of an offer almost two years later is reasonable. It is common industry practice to treat offers from insurance carriers as open and continuing until they are withdrawn or rejected. Unlike the plaintiff in *Christy*, Plaintiff's counsel communicated with INS' claims adjuster and informed her that he and his client were still reviewing the offer and considering it. This communication indicates that the offer was still open. The other cited persuasive cases do not concern settlement agreements in the context of the insurance industry.

Further, Farm Bureau's contingency upon a waiver of subrogation from all underinsured motorists carriers is irrelevant because no carriers exist in this case. INS has conceded that Mr. Calvert does not have an underinsured motorist policy with their company and their offer of coverage for his policy was made in error. Additionally, Plaintiff's counsel's letter of acceptance accepted the offer on the same terms as the insurance companies. The fact that the acceptance letter accepts INS' $25,000.00 "policy limits" is still an acceptance of all of the offered terms because what was offered was a $25,000.00 policy limit for an underinsured motorist claim. Therefore, a meeting of the minds occurred.

Based on all of the circumstances in this case, the acceptance of the settlement offer was made within a reasonable time. Thus, Plaintiff's September 7, 2012, letter to both Farm Bureau and INS Insurance was an acceptance of the settlement agreement.

### Conclusion

Accordingly, for the reasons herein, the Plaintiff's Motion to Enforce Settlement is granted in the amount of $125,000.00, $100,000.00 of which to come from Farm Bureau's policy limits and $25,000 of which to come from INS Insurance, Inc.