## Richmond.

CITY OF PORTSMOUTH V. PORTSMOUTH AND NORFOLK CORP.

January 24, 1918.

1. MUNICIPAL CORPORATIONS—*Grant of Franchise—Requiring Deposit of Check as Prerequisite to Bidding.*—A city ordinance authorizing the granting of a franchise for lighting the streets, etc., of the city required each bidder to accompany his bid with a certified check payable to the city treasurer in the sum of $5,000, to be forfeited to the city as liquidated damages should he fail to comply with his bid and execute the contract in the event of his bid being accepted.

   *Held:* That, this provision of the ordinance did not violate section 125, Article VIII, of the Constitution of 1902, nor section 1033-f of the Code of 1904.

2. MUNICIPAL CORPORATIONS—*Grant of Franchise—Requiring Deposit of Check as Prerequisite to Bidding—Bond Required by Section 1033-f.*—The bond provided for in section 1033-f, Code of 1904, is required for the franchise and for the discharge of the duties thereby imposed in conformity with the statute, whereas the certified check, required by the ordinance in the instant case, was intended to insure the execution of the contract, and in case of failure, to indemnify the city by way of liquidated damages for the breach. There is nothing either in the Constitution or statute which forbids such stipulation, and the requirement is not unusual in transactions of this kind.

3. MUNICIPAL CORPORATIONS—*Extension of Time to Bidder for Municipal Franchise—Amendment of Franchise.*—An ordinance extending additional time to a company for supplying municipal lighting, the company having been awarded as the lowest bidder a franchise for lighting the streets, etc., of the city, was not an amendment of the original franchise, and, therefore, illegal for noncompliance with paragraph 5 of section 1033-f of the Code of 1904. The ordinance was adopted on application of the corporation; and besides it was not an amendment or extension of the franchise, but simply an extension of time on *the contract,* within which to furnish municipal lighting, and the city was within its rights in granting the indulgence.

Error to a judgment of the Circuit Court of the city of Portsmouth, in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Jno. W. Happer,* for the plaintiff in error.

*R. R. Hicks,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

The common council of the city of Portsmouth, pursuant to Code, section 1038, passed an ordinance authorizing the granting of a franchise for lighting the streets, etc., of the city, which was approved by the mayor March 6, 1909.

Section 4 of the ordinance provides: "All bidders are to be invited to make their bids upon a ten-year franchise with a ten-year contract, and a twenty-year franchise with a ten-year contract; and each bidder is required to accompany his bid with a certified check payable to the city treasurer in the sum of five thousand dollars—to be forfeited to the city as liquidated damages should he fail to comply with his bid and execute the contract hereby required in the event of his bid being accepted; but should his bid be not accepted then the said check is to be returned to him."

The Portsmouth and Norfolk Corporation, defendant in error, was the sole bidder and filed with its bid a certified check for five thousand dollars, as required by the ordinance. The council, by subsequent ordinance, in accordance with the statute, awarded the franchise and contract to defendant in error, and directed the city attorney to prepare the contract, which was done, and it was dated and duly executed on the part of the city May 25, 1910. But defend-

ant in error, admittedly, by reason of its inability to finance the undertaking and for no other cause, declined to execute the contract. Thereupon, the council, on July 14, 1910, adopted a resolution forfeiting the certified check, and placed the proceeds to the city's credit.

On April 9, 1915, four years, eight months and twenty days after the alleged cause of action accrued, the Portsmouth and Norfolk Corporation brought assumpsit against the city to recover the amount of the check. The defendant demurred to the declaration, and plead the general issue, and filed a special plea setting up the three years limitation as a bar to the action. The whole matter of law and fact was submitted to the court, which rendered judgment for the plaintiff. The essential contentions of defendant in error for affirming the judgment are these:

1. "That the requirement that the bidder should deposit his check for $5,000 as a prerequisite to bidding for a public franchise is contrary to the Constitution of the State of Virginia and laws passed in pursuance thereof, and thus having been acquired by the city illegally, the city had no title to the check and it remained the property of the corporation."

This proposition is based upon misapprehension of the facts upon which it is predicated. Section 125, Article VIII, of the Constitution (Code 1904, p. ccxli) ordains, that "Before granting any such franchise or privilege for a term of years, except for a bridge or railroad, the municipality shall first, after due advertisement, receive bids therefor, publicly, in such manner as may be approved by law, and shall then act as may be required by law."

Code, section 1033-f, provides, "* * * that the person or corporation to whom any such franchise, right or privilege is awarded, whether by competing bids or otherwise, shall first execute a bond with good and sufficient security in favor of the city or town, in such sum as said city or town shall

determine, conditioned upon the constructing and putting into operation and maintaining the plant or plants provided for in the franchise, right, or privilege granted."

The bond is required for the franchise and for the discharge of the duties thereby imposed in conformity with the statute. The certified check, on the other hand, was intended to insure the execution of the contract, and in case of failure, to indemnify the city by way of liquidated damages for the breach. There is nothing either in the Constitution or statute which forbids such stipulation, and the requirement is not unusual in transactions of this kind.

Judge Dillon in his work on Municipal Corporations, says: "After the opening of the bids, the ascertainment of the lowest and most favorable bidder, and the adoption of a resolution that the contract be awarded to him, does not make a completed contract between the municipality and the bidder, where the charter requires that all contracts relating to city affairs shall be in writing, or where the advertisement so specifies, or where some further step remains to be taken. * * * Where a bidder accompanies his bid for the performance of a public work with the deposit of a certain sum under an agreement to forfeit the sum deposited in case of his neglect or refusal to enter into the contract for the work, and without default on the part of the board he fails to execute the contract, he cannot recover back his deposit and the board may declare the same forfeited." 2 Dillon on Mun. Corp. (5th ed.), section 810; cited with approval in *Baltimore* v. *Robinson,* 123 Md. 660, 91 Atl. 682, L. R. A. 1915-A, 225, Ann. Cas. 1916-C, 425.

So, McQuillin on Mun. Corp., section 1221, says: "It is frequently required that bidders for public contracts accompany their bids with a deposit or other security of a prescribed amount, as a guaranty that they will meet the requirements of their bids. When so required it is generally held necessary to the validity of the bid that the security

be submitted with the bid and be of the kind designated." And in note 11 it is said: "Such a requirement is a valid regulation of the conduct of municipal business"—citing *Wheaton, etc., Co.* v. *Boston,* 204 Mass. 218, 90 N. E. 598. So, also, the same author, at section 1221, page 2677, says: "Money accompanying a bid as security that a bidder will enter into a contract if his bid is accepted, cannot be recovered back if the bidder fails to enter into the contract. The rule that courts incline against forfeitures has no application to such a case, and the rule is never carried to the extent of relieving parties against the express terms of their own contracts."

2. This contention, in substance, is that defendant in error's check was deposited with a bid that was never accepted by the council of the city; and that the franchise granted materially varied from the original bid. In contravention of this allegation, the record affirmatively shows that there is no such variance between the franchise granted and the bid; and, moreover, that the committees of both branches of the council reported favorably upon the bid, and the report was adopted by the common council on May 11, 1909, and by the board of aldermen on May 18, and approved by the mayor on May 22, following.

3. The contention that the ordinance of April 23, 1910, extending additional time to the company for supplying municipal lighting, was an amendment of the original franchise, and, therefore, for non-compliance with paragraph 5 of section 1033-f, was illegal, is without merit. The second paragraph of the resolution shows that it was adopted on application of the corporation; and besides it was not an amendment or extension of the franchise, but simply an extension of time on *the contract* within which to furnish municipal lighting, and the city was within its rights in granting the indulgence.

4. All of the foregoing contentions are intended to lead up to the proposition that the city's claim to the proceeds of the five thousand dollar check was tortious. Consequently, that the correct limitation governing an action for its recovery was five years under section 2920, as the city maintains. Since, however, we are of opinion that plaintiff in error was rightfully entitled to the fund in controversy in any aspect of the case, the judgment must be reversed, and judgment entered for the plaintiff in error, the city of Portsmouth.

*Reversed.*