## Richmond

CITY OF NEWPORT NEWS, A MUNICIPAL CORPORATION v. DOYLE AND
RUSSELL, INC., AND FEDERAL INSURANCE COMPANY.

March 8, 1971.

Record No. 7364.

Present, All the Justices.

*Robert V. Beale,* City Attorney for the City of Newport News
(*Panos A. Yeapanis,* Assistant City Attorney for the City of Newport
News, on brief), for plaintiff in error.

*Robert F. Brooks* (*B. Warwick Davenport; E. Milton Farley, III;
Hunton, Williams, Gay, Powell & Gibson,* on brief), for defendants
in error.

I'ANSON, J., delivered the opinion of the court.

The City of Newport News filed its motion for judgment against
the defendants, Doyle and Russell, Inc., and Federal Insurance Com-
pany, seeking to recover the sum of $53,182.50 allegedly due on a
bid bond as a result of Doyle and Russell's failure to execute a con-
tract awarded by the City and a performance bond for the con-
struction of an incinerating plant.

In their grounds of defense the defendants admitted the submis-
sion of the bid to construct the plant and the refusal to execute a

contract and performance bond and set up two affirmative defenses: (1) that the written proposal had never become operative or binding as a bid because one of the items priced in the bid was inadvertently stated at $100,000 less than intended, and the City had been notified of the mistake after the opening of bids and before the City's acceptance of the bid; and (2) that on these facts Doyle and Russell was entitled to rescission of its proposal.

The case was tried before a jury, and at the conclusion of all the evidence the court dismissed the jury stating that no questions of fact were involved. The court then sustained the defendants' affirmative defenses, held that the City was not entitled to recover on the bid bond, and entered final judgment for defendants. We granted the City a writ of error.

The crucial question presented on this appeal is whether the trial court erred in holding that because of a unilateral mistake in Doyle and Russell's bid, the defendants were entitled to cancellation of the bid bond accompanying the bid.

The facts are uncontroverted. In June 1967 the City advertised for sealed bids for the construction of an incinerating plant. The bids were opened at 2 p.m. on July 13, and the bid of Doyle and Russell, in the amount of $1,063,650, was the lowest of the three bids submitted, the other two being for $1,258,647 and $1,251,196.

Doyle and Russell's bid and the accompanying bid bond required of all bidders were submitted shortly before the 2 p.m. deadline. The figures were telephoned by J. C. Nance, Jr., chief estimator for this proposal, to Claiburn Lawrence, a company representative who filled in the official bid form as the figures for its twenty-nine separate items were relayed to him in a public phone booth near the Newport News City Hall.

After the opening of all the bids, Lawrence discovered that the amount of the bid for concrete work should have been $343,750 instead of $243,750, and he advised the City officials of the mistake.

On the same day, July 13, Doyle and Russell telegraphed the City that a mistake of $100,000 had been made in the concrete work quotation; that it was sending its back-up sheets to the City to show that the amount submitted in its bid was a mistake; and that it was withdrawing its bid. Following its telegraphic notice to the City, Doyle and Russell sent a letter by registered mail explaining the error, and enclosed copies of its work sheets showing the correct figures.

On July 24, 1967, the City Council of the City of Newport News

adopted a resolution accepting Doyle and Russell's bid of $1,063,650, and on the following day sent written notice that it had been awarded a contract for that amount.

The instructions to bidders on the official bid form contained these pertinent provisions:

> "Proposals may be withdrawn before the date of opening thereof, but no Bidder may withdraw his Proposal within thirty days after the date of opening bids.

\* \* \* \* \*

> "No plea of mistake in the bid shall be available to the Bidder for the recovery of his deposit or as a defense to any action based upon the neglect or refusal to execute a contract."

Under the terms of the bid bond executed by Doyle and Russell as principal and Federal Insurance as surety, defendants agreed that if the proposal of Doyle and Russell was accepted by the City, the principal would, within ten days after receipt of written notice of the contract award, execute a contract and a performance bond payable to the City; and that if Doyle and Russell failed to execute the contract and performance bond, the surety, Federal Insurance, would immediately pay to the City, upon demand, not as a penalty but as liquidated damages, 5% of the total bid submitted by the principal.

The City contends that a bidder's unilateral mistake in his bid for a public construction contract is not ground for rescission and release of the principal and surety on a bid bond. It concedes that there is a conflict in the authorities, but argues that the cases denying rescission represent the better reasoning. See *A. J. Colella, Inc.* v. *Allegheny County*, 391 Pa. 103, 137 A.2d 265 (1958); *Modany* v. *State Public School Building Authority*, 417 Pa. 39, 208 A.2d 276 (1965); *Board of Edn.* v. *Sever-Williams Co.*, 22 Ohio St. 2d 107, 258 N.E.2d 605, (*reh. denied*, June 3, 1970); Anno.: 70 A.L.R.2d 1370 (1960). The City also contends that the defendants are bound by the terms of the official bid form.

Defendants contend that where a bidder on a public construction contract makes a mechanical or clerical error, the bidder is entitled to the rescission of the bid and bid bond if it can establish that (1) the mistake is such that enforcement would be unconscionable; (2) the mistake relates to a material part of the consideration; (3) the mistake did not result from gross negligence; (4) prompt notice of the

mistake was given; and (5) it is possible to place the other party in statu quo. Citing *Conduit & Foundation Corp.* v. *Atlantic City*, 2 N.J.Super. 433, 64 A.2d 382 (1949); *M. F. Kemper Const. Co.* v. *City of Los Angeles*, 37 Cal.2d 696, 235 P.2d 7 (1951); Annots.: 52 A.L.R.2d 792 (1957); 70 A.L.R.2d 1370 (1960), the cases there cited, and later cases.

In Virginia, no case involving facts similiar to the case at bar has been heretofore decided.

An examination of the cases relied on by defendants reveals that only the case of *Kemper, supra,* presents facts quite similar to the case at bar. There the notice inviting bids and the official bid form stated that bidders "will not be released on account of errors." In affirming the judgment of the trial court allowing rescission of the bid and cancelling the bid bond, a majority of the California Supreme Court · said that the city could not enforce a bid bond against a contractor who refused to enter into a performance contract when the city knew prior to acceptance of the bid that it contained a material error; that the language that bidders "will not be released on account of errors" applied only to errors of judgment, not to clerical errors; and that to deny relief in such cases would force the bidder to perform an agreement he had no intention of making. 37 Cal.2d at 703-06, 235 P.2d at 11-13.

In *Colella, supra,* relied on by the City, the contractor filed a suit in equity against the county seeking a cancellation and return of its bid bond because of a mechanical or clerical mistake. The county was notified of the mistake after bids were opened. Colella then requested permission to withdraw its bid. The request was refused and the contract was awarded to Colella. In affirming the judgment of the trial court against the contractor because the evidence sustained the finding that the clerical mistake in computation of the bid was unilateral and had resulted from negligence on the part of the contractor, the Supreme Court of Pennsylvania said that to permit a contractor to withdraw his bid after all the bids had been opened, "under the plea of a clerical mistake, would seriously undermine and make the requirement or system of sealed bids a mockery; it could likewise open wide the door to fraud and collusion between contractors and/ or between contractors and the Public Authority." 391 Pa. at 107, 137 A.2d at 267.

In *Board of Edn.* v. *Sever-Williams Co., supra,* the board instituted its action against the contractor, Sever-Williams, and Federal Insurance Company, the surety, to recover the amount of the bid bond.

Sever-Williams had submitted the lowest of three bids for the construction of a new high school. Shortly after the bids were opened the school board met, accepted the low bid, and awarded the contract to Sever-Williams. The board was notified before the contract was awarded that through inadvertance and mistake an item of $145,-000 had been omitted from the bid, and that the company was withdrawing its bid. The Supreme Court of Ohio, in reversing the intermediate appellate court, said that although it may seem harsh to hold a bidder liable on its bid when it has actually made a mistake in the preparation of the bid, it was necessary to protect the sanctity of the bidding system as provided by statute; that when Sever-Williams made its offer it said exactly what it intended to say and it conveyed to the board exactly the meaning it intended to convey; that the mistake was one of computation wholly antecedent to the expressed and communicated offer; and that under these circumstances the bid bond was a contract enforceable against the bidder and the surety. 258 N.E.2d at 609-10.

Here Doyle and Russell agreed when it submitted its bid that it would not be withdrawn within 30 days after the date of the bid opening, and that "No plea of mistake in the bid shall be available to the Bidder for the recovery of his deposit or as a defense to any action based upon the neglect or refusal to execute a contract." The quoted language is not limited to a mistake of judgment. It plainly means any mistake in the bid, and includes a mechanical mistake. Thus it was within the contemplation of the parties that the risk of mistake in the bid was to be borne by the bidder. Manifestly, the purpose of the quoted language was to avoid the precise claim now advanced by the defendants. Cf. *M. J. McGough Company* v. *Jane Lamb Memorial Hospital*, 302 F.Supp. 482, 487 (1969).

When the City awarded the contract to Doyle and Russell the bid bond contract went into full force and effect. The obligation assumed by defendants under the bond was that in the event Doyle and Russell was awarded the contract and then failed to enter into a contract and give a performance bond, the amount of the bid bond would be forfeited to the City as liquidated damages.

The rule that courts do not favor forfeitures has no application to cases such as the one at bar and is never carried to the extent of relieving parties from the express terms of their own contracts. See *Portsmouth* v. *Portsmouth Corp.*, 122 Va. 258, 262, 95 S.E. 278, 279 (1918); 10 McQuillin, Municipal Corporations, § 29.66, at 403-04 (3rd ed., 1966).

While it might seem harsh to hold against a bidder who has actually made a clerical mistake in the preparation of its bid for its refusal to enter into the contract awarded to it and to give a performance bond, Doyle and Russell must be held bound by the express provisions of its contract stating that it will not rely on a plea of mistake for cancellation of its bid. To hold otherwise would be to ignore the terms of the official bid form, the provisions of the bid bond, and the purpose of requiring a bond to accompany a bid. It would also seriously jeopardize the sanctity of the system for bidding on public contracts and lead to the uncertainty and unreliability of bids. The system followed here for awarding such contracts saves the public harmless, as well as the bidders themselves, from favoritism or fraud in its varied forms.

For the reasons stated, we hold that the defendants are liable on the bid bond. Accordingly, the judgment of the court below is set aside and reversed, and judgment for $53,182.50 is here entered for the City against the defendants.

*Reversed and final judgment.*