## CIRCUIT COURT OF THE CITY OF RICHMOND

Centex-Simpson
Construction Co.

v.

Virginia Commonwealth
University

February 3, 1993

Case No. HD-1–1

BY JUDGE MELVIN R. HUGHES, JR.

Plaintiff, Centex-Simpson Construction Company (Centex) seeks in this action a permanent injunction and declaratory relief claiming that the defendant, Virginia Commonwealth University (VCU), improperly awarded the low bid to Tiber Construction Company (Tiber) for a construction project. At the request of the parties for an expedited hearing, the Court heard argument without taking evidence and thereafter took the case under advisement.

VCU solicited bids for the construction of an ambulatory care facility at the Medical College of Virginia (MCV) in downtown Richmond. As stated in its Advertisement for Bids, the time designated for the receipt of sealed bids was 2:00 p.m. on December 9, 1992. The Instructions to Bidders provided that no bids received after that time would be considered and that any modifications to bids had to be made before the deadline for bid receipt The instructions also outlined the procedure for withdrawal of a bid in the event of an error. The error had to be a clerical one rather than a matter of judgment (e.g., an inadvertent omission or arithmetic mistake), and it had to be shown by objective evidence.

Both Centex and Tiber submitted timely bids for the project. On December 10, 1992, the day after the bid deadline, Tiber faxed a letter to Arnold Teten of VCU, noting a discrepancy in its bid as previously submitted. The letter revealed that the prices entered for Parts A

through E and 1 through 4 of its bid were correct but that there was an error in the sum total entered for the parts. The total base bid as originally entered by Tiber was $10,600,219.00; the total base bid after correction addition was $10,500,216.00. VCU tabulated Tiber's bid using the lower figure and decided to award the contract to Tiber. Centex, which would have been the lowest bidder based upon the original submissions, after protesting the decision of VCU, brought this action. Centex contests VCU's decision to accept the correction and award the bid to Tiber on the grounds that VCU's action was arbitrary and capricious according to § 11–70 and that withdrawal of the bid is the only remedy available in an instance of bid correction. VCU argues that allowing a correction on the basis of an error in computation is simply a matter of arithmetic, and considering that the correction was allowed before the opening of the bids, its actions were entirely reasonable and not arbitrary. Answering, Centex contends that it may be just as likely that Tiber's individual constituent figures for the total bid amount were incorrect or mistabulated according to Tiber's backup documents, and it was arbitrary and capricious for VCU to decide on Tiber's representation that the mistake was only an error in the total. The Court decides that VCU's action in allowing the correction to Tiber's bid was improper here because the only remedy the law and the instructions permit for an incorrect bid is withdrawal.

Bidding for state contracts by nongovernmental entities is regulated by the Virginia Public Procurement Act (the Act), § 11–35 *et seq.* Code of Virginia of 1950, as amended. The Act, in § 11–66, sets out procedures to protest an award of bid, after which any decision can be appealed through further administrative procedures the agency may ordain or by court action. If a bidder chooses to pursue any further administrative procedures and then receives adverse action, the statute authorizes a suit for injunctive relief thereafter when an award has been made but performance has not begun. *See* § 11–66(B). VCU's Advertisement for Bids included Instructions to Bidders. Both the Advertisement for Bid and the Instructions to Bidders are in line with the provisions of the Act as required.

When legal action is sought after protest, § 11–70(C) provides the standard by which an award can be challenged:

§ 11–70. *Legal Actions.*

C. A bidder, offeror, or contractor or a potential bidder or offeror on a contract negotiated on a sole source or emergency

basis in the manner provided in § 11–41, whose protest of an award or decision to award under § 11–66 is denied, may bring an action in the appropriate circuit court challenging a proposed award or the award of a contract, which shall be reversed only if the petitioner establishes that the proposed award or the award is not an honest exercise of discretion, but rather is arbitrary or capricious or not in accordance with the constitution of Virginia, statutes, regulations, or the terms and conditions of the Invitation to Bid or Request for Proposal.

In an instance where a bidder wants to correct or modify a bid after the deadline for bid submissions has passed, the only remedy provided for is withdrawal of the bid. *See* § 11–54. Paragraph 6 of the Instructions to Bidders, entitled "Withdrawal or Modification of Bids" specifies that a bid may be withdrawn or modified "prior to the deadline fixed for bid receipt." Paragraph 8 of the Instructions to Bidders, entitled "Errors in Bids," describes the post-bid submission relief available to a bidder who discovers an error in his bid; that relief is solely withdrawal. Staying in the bid process *after* correction or modification of a bid when the submission deadline has passed is not provided for in the Act or in VCU's Instructions to Bidders. § 11–54(A) in its pertinent parts provides:

A bidder for a public construction contract, other than a contract for construction or maintenance of public highways, may withdraw his bid from consideration if the price bid was substantially lower than the other bids due solely to a mistake therein, provided the bid was submitted in good faith and the mistake was a clerical mistake as opposed to a judgment mistake and was actually due to an unintentional arithmetic error.

Section 11–54(A) requires a public body which has solicited bids to follow one of two procedures for withdrawal of a bid as follows:

One of the following procedures for withdrawal of a bid shall be selected by the public body and stated in the advertisement for bids: (i) the bidder shall give notice in writing of his claim of right to withdraw his bid within two business days after the conclusion of the bid opening procedure; or (ii) the bidder shall submit to the public body or designated official his original work papers, documents, and materials used in the preparation of the bid within one day after the date fixed for the

submission of bids. The work papers shall be delivered by the bidder in person or by registered mail at or prior to the time fixed for the opening of the bids The bids shall be opened the day following the time fixed by the public body for the submission of bids. Thereafter, the bidder shall have two hours after the opening of bids within which to claim in writing a mistake, as defined herein, and withdraw his bid.

Thus, there is no provision [that covers] remaining in the bid process after correction or modification of a bid when the time for bid submission has passed. It is at least apparent from this that a bidder who may recognize a mistake after bid submission and before bid opening may seek withdrawal lest he receive the award of a mistakenly low bid. This is so because § 11–54 speaks of bids "substantially lower than the other bids due solely to a mistake therein." Nothing in the Act or the Advertisement for Bid would allow a correction of bid which is higher than other bids, or, for that matter, correction of a bid after the deadline for bid submission and then permission for that bidder to stay in the bid process. Centex's contest of VCU's award of bid to Tiber on the ground that such action was "arbitrary or capricious" is not applicable, rather that standard does not even apply here because VCU was not authorized to keep Tiber in the bid process once Tiber sought and was granted leave to correct its bid after the bid submission deadline had passed. Again, at that juncture, the only remedy available to Tiber was withdrawal, and VCU's consideration of the matter could only be made on that basis as provided by law. To say, as VCU contends, that this is not an instance of a true modification but merely a correction of a tabulation error is an argument of form over what is really a matter of substance.

In light of the statutory scheme regulating state bidding and the Instructions to Bidders here, to rule otherwise in this instance as stated in *Newport News v. Doyle and Russell*, 211 Va. 603 (1971), "would seriously jeopardize the sanctity of the system for bidding on public contracts and lead to the uncertainty and unreliability of bids." *Id.* at 608. In *Newport News v. Doyle and Russell*, the bid corrections were received after the bids had already been opened. The concern for preserving the integrity of the bidding process is still preeminent, even where, as here, the bids had not yet been opened. Otherwise, the possibility for duplicitous behavior on the part of contractors in the interval of time between the bid submission deadline and the moment of the

actual bid opening is present. It is best to draw a bright line at the moment of the bid submission deadline. After that deadline has passed, bidders must live with their mistakes.

Accordingly, a final decree shall enter in favor of Centex for a final permanent injunction and declaratory relief as prayed for.