## Annie R. ALEXANDER, Plaintiff–Appellee,

### v.

## INDUSTRIES OF THE BLIND, INCORPORATED, Defendant–Appellant.

### Nos. 89–2041, 89–2062.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1989.

Decided April 17, 1990.

Grady Lee Shields, Carruthers & Roth, P.A., Greensboro, N.C., for defendant-appellant.

J. Wilson Parker, Wake Forest University School of Law, Winston–Salem, N.C., for plaintiff-appellee.

Kenneth R. Keller, Carruthers & Roth, P.A., Greensboro, N.C., on brief, for defendant-appellant.

Jonathan R. Harkavy, Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N.C., on brief, for plaintiff-appellee.

Before RUSSELL and WIDENER, Circuit Judges, and FOX, District Judge for the Eastern District of North Carolina, sitting by designation.

WIDENER, Circuit Judge:

Industries of the Blind, Inc. (Industries) appeals from a decision by the district court finding that it violated Title VII of the Civil Rights Act of 1964 by discriminating against Annie R. Alexander on the basis of gender. Industries argues that the district court erred by refusing to enforce an oral settlement agreement, and that the district court erroneously found that it intentionally discriminated against

---

Mrs. Alexander. We are of opinion that the district court did not consider the settlement issue under the proper standard, so we vacate the order of the district court denying the defendant's motion to enforce the settlement and remand for full consideration of that issue. We express no opinion on the correctness of the remainder of the district court's decision.

Mrs. Alexander filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) on April 24, 1986. On October 23, 1986, she received her notice of a right to sue from the EEOC, and filed suit on January 21, 1987. Settlement negotiations began and according to Mrs. Alexander's attorney, Jonathan R. Harkavy, on February 26, 1988, Mrs. Alexander unconditionally authorized him to accept an offer from Industries to settle the case. After Mr. Harkavy called Industries' attorney on the telephone and accepted the offer to settle, Mr. Harkavy drafted and mailed a letter to the district court informing it that the case had been settled. Mrs. Alexander contends that her authorization was contingent on her talking to the EEOC and its agreement with Mr. Harkavy's assessment of the merit of the case. A written settlement and release agreement was drawn up by Mr. Harkavy, and Mrs. Alexander refused to sign it. On April 4, 1988, Industries moved for enforcement of the settlement agreement.

On June 27, 1988, the district court held a hearing on the motion to enforce the settlement. At the hearing, the district court ruled that Mrs. Alexander had not settled the case before Industries could even put Mr. Harkavy on the stand.[1] A fair reading of the transcript of the settlement hearing is that the district court decided that it would not enforce any oral settlement agreement whether or not the attorney involved was given express authority to settle on certain terms. When the district court was asked whether its ruling denying enforcement turned in any way on whether Mrs. Alexander's attorney had been given authority to settle the case, the district court said:

I'm saying assuming he had authority, the case was in such a posture that it was necessary that the final settlement papers be drawn, and at the time they were drawn, the plaintiff did not execute them, and therefore the Court is holding that she did not in fact settle the case. The Court just does not want to get in a position where cases may be settled by word of mouth without some final authority that someone can look at in writing, with some signature on it, to resolve the case. I just don't want to get in that position.

Such a refusal to enforce any oral settlement agreement is contrary to circuit precedent. *Petty v. Timken Corp.*, 849 F.2d 130 (4th Cir.1988) (enforcing an oral settlement agreement in a Title VII case). We therefore vacate the order of the district court denying the motion to enforce the settlement and remand the case for the district court to make appropriate findings of fact and conclusions of law, a principal one of which is whether or not Mr. Harkavy had authority to settle the case. The fact that the alleged settlement was oral must not prevent the district court from fully considering the testimony of the witnesses and resolving any conflicting testimony. A plenary evidentiary hearing is required. *Milner v. Norfolk & Western Ry.*, 643 F.2d 1005, 1009 (4th Cir.1981).[2]

REMANDED WITH INSTRUCTIONS.

---

1. Mr. Harkavy did testify at the hearing after the district court had ruled. Apparently such testimony was in the nature of an offer of proof.

2. The district court apparently made fact findings on the unsworn statement of Mrs. Alexander, which procedure we are confident will not be a part of the plenary hearing we require.