CHIA T. CHANG, ET AL.

V.

FIRST COLONIAL SAVINGS BANK

Record No. 910057

November 8, 1991

Present: All the Justices

*Neil Kuchinsky* for appellants.
*David L. Cloninger (Binford, Cloninger & Chrisman*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

The primary issue that we consider in this appeal is whether a newspaper advertisement constitutes an offer which, when accepted, creates a legally enforceable contract.

The litigants stipulated the relevant facts. Chia T. Chang and Shin S. Chang, who resided in the Richmond area, read the following advertisement which appeared in local newspapers on November 18, 1985. The advertisement states in part:

### You Win 2 ways
### WITH FIRST COLONIAL'S
**Savings Certificates**

**1** Great Gifts  **2** & High Interest

. . .

Saving at First Colonial is a very rewarding experience. In appreciation for your business we have Great Gifts for you to enjoy **NOW** — and when your investment matures you get your entire principal back **PLUS GREAT INTEREST**.

Plan B: 3 ½ Year Investment

. . .

Deposit $14,000 and receive two gifts: a Remington Shotgun and GE CB Radio, OR an RCA 20" Color-Trac TV, and $20,136.12 upon maturity in 3 ½ years.

Substantial penalty for early withdrawal. Allow 4-6 weeks for delivery. Wholesale cost of gifts must be reported on IRS Form 1099. Rates shown are . . . 8 ¾% for Plan B. All gifts are fully warranted by manufacturer. DEPOSITS IN-SURED TO 100,000 by FSLIC. Interest can be received monthly by check.

Relying upon this advertisement, the Changs deposited $14,000 with First Colonial Savings Bank on January 3, 1986. They received a color television that day from First Colonial and expected to receive the sum of $20,136.12 upon maturity of the deposit in three and one-half years. First Colonial also gave the Changs a certificate of deposit when they made their deposit.

When the Changs returned to liquidate the certificate of deposit upon its maturity, they were informed that the advertisement contained a typographical error and that they should have deposited $15,000 in order to receive the sum of $20,136.12 upon maturity of the certificate of deposit.

First Colonial did not inform the Changs nor were the Changs made aware that the advertisement contained an error until after the certificate of deposit had matured. First Colonial, however, did display in its lobby pamphlets which contained the correct figures when the Changs made their deposit.

The Changs instituted this proceeding in the general district court seeking to recover $1,312.19, the difference between the $20,136.12 amount in the advertisement and $18,823.93, the amount that First Colonial actually paid to the Changs. The general district court awarded a judgment in favor of the Changs, and First Colonial appealed that judgment to the circuit court. The circuit court held that the advertisement did not constitute an offer but was an invitation to bargain or negotiate and entered a judgment in favor of First Colonial. We awarded the Changs an appeal.

The Changs argue that when members of the public reasonably rely upon a bank advertisement which offers a specific gift and dollar amount upon maturity in return for a deposit of a sum cer-

tain, and the bank fails to notify those who made deposits of an error in the advertisement until the certificate of deposit matures, then the specific term of the advertisement constitutes an offer which, when accepted, is a binding and enforceable contract. First Colonial argues, however, that the advertisement did not constitute an offer but rather was an invitation to make an offer because the advertisement was directed to the general public and required no performance on the part of the parties to whom it was directed.

The general rule followed in most states, and which we adopt, is that newspaper advertisements are not offers, but merely invitations to bargain. *Restatement (Second) of Contracts* § 26, pp. 75-76 (1981); 1 *Corbin on Contracts* § 25, pp. 74-75 (1950). However, there is a very narrow and limited exception to this rule. "[W]here the offer is clear, definite, and explicit, and leaves nothing open for negotiation, it constitutes an offer, acceptance of which will complete the contract." *Lefkowitz* v. *Great Minneapolis Surplus Store, Inc.*, 251 Minn. 188, 191, 86 N.W.2d 689, 691 (1957). *See also Izadi* v. *Machado (Gus) Ford, Inc.*, 550 So.2d 1135, 1139 (Fla. Dist. Ct. App. 1989); *Osage Homestead, Inc.* v. *Sutphin*, 657 S.W.2d 346, 351-52 (Mo. App. 1983); *R.E. Crummer & Co.* v. *Nuveen*, 147 F.2d 3, 5 (7th Cir. 1945); *Oliver* v. *Henley*, 21 S.W.2d 576, 578-79 (Tex. Civ. App. 1929). As Professor Williston observed:

> In any event there can be no doubt that a positive offer may be made even by an advertisement or general notice. . . . The only general test which can be submitted as a guide is an inquiry whether the facts show that some performance was promised in positive terms in return for something requested.

1 *Williston on Contracts* § 27, p. 65 (3d ed. 1957).

Applying these principles to the facts before us, we hold that the advertisement constituted an offer which was accepted when the Changs deposited their $14,000 with the Bank for a period of three and one-half years. A plain reading of the advertisement demonstrates that First Colonial's offer of the television and $20,136.12 upon maturity in three and one-half years was clear, definite, and explicit and left nothing open for negotiation.*

---

* First Colonial also argues that a contract did not exist until the Changs offered to deposit the sum of $14,000 with First Colonial and it made a counter offer which was

■ Even though the Bank's advertisement upon which the Changs relied may have contained a mistake caused by a typographical error, under the unique facts and circumstances of this case, the error does not invalidate the offer. First Colonial did not inform the Changs of this typographical error until after it had the use of the Changs' $14,000 for three and one-half years. Additionally, applying the general rule to which there are certain exceptions not applicable here, a unilateral mistake does not void an otherwise legally binding contract. *See Newport News* v. *Doyle and Russell*, 211 Va. 603, 608, 179 S.E.2d 493, 497 (1971); *Foreman* v. *Clement*, 139 Va. 70, 80-81, 123 S.E. 336, 339 (1924). *See also* 13 *Williston on Contracts* § 1573, pp. 486-490 (3d ed. 1957).

■ First Colonial further argues that even if the newspaper advertisement was an offer, it was a unilateral offer unsupported by consideration, and it was withdrawn before the date the Changs deposited their $14,000. We disagree.

■ An offer, which is usually but not always a promise, is a manifestation of a willingness to enter into a bargain. *Restatement (Second) of Contracts* § 24, pp. 71-72. The offer identifies the bargained for exchange, *Id.*, Comment b, and creates a power of acceptance in the offeree. *Id.* § 29(1). *See Richmond Eng. Corp.* v. *Loth*, 135 Va. 110, 153, 115 S.E. 774, 786 (1923).

■ It is true that an offer that is not supported by consideration may be withdrawn any time before it is accepted. *J. B. Colt Co.* v. *Elam*, 138 Va. 124, 128-29, 120 S.E. 857, 858 (1924); *Crews* v. *Sullivan*, 133 Va. 478, 483-84, 113 S.E. 865, 867 (1922). However, First Colonial was required to communicate the withdrawal of the offer to the Changs before they accepted it. As we have noted, First Colonial did not inform the Changs that the offer had been withdrawn or that the advertisement purportedly contained a typographical error until the Bank had used their $14,000 for three and one-half years.

accepted by the Changs. Pursuant to the terms of this purported counter offer, a contract was created and memorialized in the form of the certificate of deposit which was issued by the Bank to the Changs, and that the terms of the certificate of deposit were not breached because such terms set forth an interest rate of 8.75% which the Bank used to determine that it owed the Changs $18,823.93 upon maturity of the certificate of deposit. We reject this argument because of our holding that the advertisement constituted an offer which was accepted by the Changs.

We also reject First Colonial's argument that the advertisement did not create a contract because there was no meeting of the minds. As we stated in *Gibney & Co.* v. *Arlington B. Co.*, 112 Va. 117, 70 S.E. 485 (1911):

> The offerer has a right to prescribe in his offer any conditions as to time, place, quantity, mode of acceptance, or other matters, which it may please him to insert in and make a part thereof, and the acceptance to conclude the agreement must in every respect meet and correspond with the offer, neither falling within or going beyond the terms proposed, but exactly meeting them at all points and closing with these just as they stand.

*Id.* at 120-21, 70 S.E. at 487 (citation omitted). When the Changs tendered their $14,000 to First Colonial for three and one-half years, they complied with all of the conditions in First Colonial's offer. Hence, there was a meeting of the minds and an enforceable contract.

Accordingly, we will reverse the judgment of the circuit court and enter final judgment here in favor of the Changs for $1,312.19 plus interest.

*Reversed and final judgment.*