# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Mickie Sykes

v.

Brady-Bushey Ford, Inc., et al.

October 27, 2005

Case No. (Law) 04-225

BY JUDGE EDWARD L. HOGSHIRE

In response to Mickie Sykes' Amended Motion for Judgment ("MFJ"), Brady-Bushey Ford, Inc., demurred and filed a motion to dismiss on all counts. Defendant also filed a separate demurrer to Count III of the claim. In the event the Court declined to sustain the demurrer and to grant the motion to dismiss, Defendant moved the Court to exercise its discretion and order a separate trial for Count III.

For the reasons articulated below, this Court finds: (1) the Plaintiff's MFJ properly states causes of action arising out of the same transaction or occurrence and, therefore, survives demurrer and the motion to sever Count III; (2) the Virginia Consumer Protection Act claim (Count I) survives demurrer; (3) the common law constructive fraud claim (Count II) survives demurrer; and (4) Defendant's demurrer to the breach of contract claim (Count III) is sustained.

*Statement of Facts*

In April 2001, Plaintiff purchased a used 2000 Honda Accord from Defendant. (MFJ, & 3.) Plaintiff asserts that, after she test-drove the vehicle and before she purchased it, she noticed that the paint on the rear driver's side

quarter panel did not match the remainder of the vehicle. (MFJ, & 6.) Upon Plaintiff's inquiry about the discoloration, Bill Bennett, a sales employee of Defendant, went to his office to make a telephone call. When Mr. Bennett returned, he explained to Plaintiff that the vehicle had been "tapped" by the previous owner, Nancy Deane but that it was nevertheless a "one owner vehicle" that had not been involved in any other accidents. (MFJ, & 6.) An agreement was reached whereby Defendant had the vehicle repainted for a fee additional to the purchase price, and Plaintiff, in reliance on the previous representation made to her, bought the car for $19,516.60. (MFJ, && 7-8.) Plaintiff alleges that she began to experience problems with the vehicle immediately upon purchase, including tears in the leather seats, squealing brakes, mismatched tires, malfunctioning safety belts, and engine failure. (MFJ, && 10, 12.) Plaintiff complained to Defendant's agents on more than one occasion and claims to have received no satisfaction. (MFJ, && 11, 14.)

Ultimately, Plaintiff went to another dealership in the hopes of trading in the 2000 Accord for another car. (MFJ, & 15.) A Carfax report conducted on the Accord revealed that the vehicle was in fact a "salvage" car that had been titled at least five times previously and had also been wrecked in Maryland in 2000, seriously damaged, and later repaired. (MFJ, && 16-17.) Plaintiff alleges that its actual value was determined to be only $5,200.00. (MFJ, & 15.) Plaintiff next claims to have had a series of discussions with Art Bushey, President of Defendant corporation, throughout the summer of 2002. In the course of these conversations, he instructed her to make an itemized list of her damages so that he could submit it to Defendant's insurance company. (MFJ, & 25.) On receiving the list, Bushey promised Plaintiff that her losses would be covered and that she would be "made whole." (MFJ, & 26.) After having submitted the itemized list, Plaintiff claims that Mr. Bushey fell out of contact only to finally inform her in September that Defendant's insurance company had denied the claim and he owed her nothing. (MFJ, && 27-28.) Plaintiff finally alleges that, after further discussions, both Art and Warren Bushey acknowledged responsibility for the problem, but ultimately failed to compensate her for her loss in any way. (MFJ, && 28-29.)

*Procedural History*

The Plaintiff filed a Motion for Judgment against Brady-Bushey Ford, Inc., and Art Bushey in this Court. She pleaded three counts: (1) violation of Va. Code § 59.1-196 *et seq.*, the Virginia Consumer Protection Act (the "Lemon Law"); (2) constructive fraud against Brady-Bushey; and (3) breach of contract against Art Bushey. Plaintiff requested damages of $31,534.38 and attorney's

fees and costs for all counts. Additionally, with respect to Count I, she requested that the damages be trebled pursuant to statute and that punitive damages of $100,000.00 be awarded against Brady-Bushey. Brady-Bushey and Art Bushey both moved to drop the latter as a defendant pursuant to Va. Code § 8.01-5 (misjoinder of parties), and both parties also demurred to all three counts. After holding oral argument on these matters, the Court entered an Order on March 23, 2005, granting Mr. Bushey's Demurrer to Count III with leave to amend and granting Brady-Bushey's Demurrers to Counts I and II with leave to amend. Plaintiff filed an Amended Motion for Judgment on April 4, 2005, whereby she dropped Art Bushey as a party-defendant, leaving only Brady-Bushey as potentially liable, and maintained the three counts previously pleaded. Defendant demurred to the Amended Motion for Judgment on April 15, 2005, giving rise to the issues currently before the Court.

## Standard of Review

For the purposes of a demurrer, the facts stated in Plaintiff's Amended Motion for Judgment should be taken as true and correct. The facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *Rosillo v. Winters*, 235 Va. 268, 270 (1988) (quoting *Ames v. American National Bank*, 163 Va. 1, 37 (1934)). A more rigorous pleading requirement is imposed for causes of action involving fraud. *See, e.g., Ciarochi v. Ciarochi*, 194 Va. 313, 315 (1952) ("Where fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defense [sic] accordingly, and since [fraud] must be clearly proved it must be distinctly stated.").

A demurrer, unlike a motion for summary judgment, does not allow the Court to evaluate and decide the merits of a claim, but, instead, tests the sufficiency of the factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252 (1993). A demurrer should be sustained when the pleading does not state a cause of action or fails to state facts upon which the relief demanded can be granted. Va. Code § 8.01-273.

## Questions Presented

1. Does Plaintiff's Motion for Judgment improperly join two actions sounding in tort with a cause of action for breach of contract such that dismissal or severance is required?

2. Has Plaintiff properly pleaded facts supporting a claim of fraudulent nondisclosure of a material fact as required under the Virginia Consumer Protection Act?

3. In pleading common law constructive fraud, must the Plaintiff allege that the Defendant "knew" or "had reason to know" that Plaintiff would rely on the allegedly fraudulent representations?

4. Does Plaintiff state a cause of action for breach of contract where she alleges that Defendant promised that her "losses would be covered" and that she "would be made whole"?

*Analysis*

1. *Joinder of Actions for Tort and Contract*

Defendant first argues that Plaintiff's MFJ improperly joins two actions sounding in tort with a distinct cause of action for breach of contract. Defendant asserts that the tort claims arise out of a separate transaction and occurrence from the contract claims and that, therefore, the claims should be dismissed. In the alternative, Defendant asks that, short of dismissal, the Court act to sever Count III, the breach of contract claim, from Counts I and II. Va. Code § 8.01-272 reads in relevant part:

> In any civil action, a party may plead as many matters, whether of law or fact, as he shall think necessary. A party may join a claim in tort with one in contract provided that all claims arise out of the same transaction or occurrence. The court, in its discretion, may order a separate trial for any claim.

Va. Code § 8.01-272. *See generally Powers v. Cherin*, 249 Va. 33 (1995) (finding that a claim against a driver for negligent operation of an automobile does not arise from the same transaction or occurrence as a claim of medical malpractice against a doctor who treated the plaintiff's injuries). Furthermore, Va. Code § 8.01-281 states:

> A party asserting either a claim, counterclaim, cross-claim, or third party-claim or a defense may plead alternative facts and theories of recovery against alternative parties provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence. . . . The court may, upon motion of any party, order a separate trial of any claim, counterclaim,

> cross-claim, or third-party claim, and of any separate issue or of
> any number of claims.

Va. Code § 8.01-281(A) to (B). *See also* Rules of the Supreme Court of Virginia, 1:4(k). *See generally Virginia Int'l Terms., Inc. v. Ceres Marine Terms., Inc.*, 879 F. Supp. 31 (E.D. Va. 1995) (holding that the statute is a procedural device designed to promote judicial economy by having all claims arising out of the same transaction or occurrence determined in one proceeding).

*Fox v. Deese* is illustrative in this regard. 234 Va. 412 (1987). Fox was a concert promoter who entered into negotiations with representatives of the City of Richmond during May and June 1980. *Id.* at 415-16. He relied on an oral promise whereby he would bring a show to City Stadium on July 4 and 5 of that same year, but when Fox was later presented with a written instrument, it contained provisions that were not discussed initially and to which he would not have agreed. *Id.* at 417-18. He filed suit against the City of Richmond and several other parties alleging breach of contract, malicious and reckless disregard for his rights under contract, and conspiracy to interfere with his contract. Five of the counts sounded in tort, while three others sounded in contract. *Id.* at 415. The trial court sustained a demurrer on the grounds that plaintiff had misjoined party-defendants and causes of action in his amended motion for judgment. *Id.* at 422. In reversing, the Supreme Court cited Va. Code §§ 8.01-272; 8.01-281, as well as Rule 4:1(k), and concluded that:

> [A] fair reading of the amended motion for judgment shows that
> [the plaintiff] has pleaded alternative theories of recovery against
> the same group of defendants and that the claims arise out of the
> same transaction or occurrence. Moreover, a trial court has the
> discretion to order a separate trial of any claim to attain the ends
> of justice. The trial court, therefore, erred in dismissing Fox's
> action on this ground.

*Id.* at 423 (citations omitted). *See also Kamlar Corp. v. Haley*, 224 Va. 699, 707-08 (1983); *Chesapeake & Potomac Tel. Co. v. Sisson & Ryan, Inc.*, 234 Va. 492, 506 (1987).

Defendant submits that the instant matter is distinguishable from *Fox* and analogous to *Powers*, because it involves two separate transactions that occurred over an extended period of time. It argues that the first occurrence, the purchase of a used car on April 6, 2001, gave rise to the two tort claims and that the second occurrence, alleged representations made sixteen months later in August 2002, gave rise to the contract claim. In further support of its assertion that the

case involves two separate transactions, Defendant points out that the contract and tort claims arise out of incidents involving different individual agents of the Defendant, i.e. Bill Bennett (tort) and Art Bushey (contract).

Defendant's focus is misplaced. The facts of this case are analogous to those of *Fox*, because both demonstrate an ongoing series of negotiations with respect to one specific good or service. In *Fox*, the claims all arose out of events that transpired in conjunction with the proposed July 4 concert at City Stadium. Here, the claims all arise out of events that transpired in conjunction with the purchase of the used 2000 Honda Accord. It is true that the series of events in the instant matter occurred over a longer period of time than did those in *Fox*, but that fact is not determinative of the issue. Furthermore, *Powers* is not controlling because the two occurrences in that case were strikingly distinctive. An automobile accident and a medical operation share no common factual nexus; the only connection between the two in the *Powers* was that the defendant doctor *happened to be* treating the injuries sustained by the plaintiff in the earlier car accident. As Plaintiff correctly points out, the tort and contract claims at issue will involve the same witnesses, documents, and nexus of facts. The same, surely, could not be said of the *Powers* case.

The General Assembly enacted the above cited statutes concerning joinder of claims in order to promote judicial economy, *see Virginia Int'l Terms.*, 879 F. Supp. 31, and that end would be served in this case by trying the tort and contract claims together. Defendant understandably expresses concern with the fact that insurance information would have to come forward at trial with respect to the contract claim, but that it would be improper to put such information before a jury with respect to the tort claims. However, this problem can be remedied with the appropriate limiting instruction to the jury. Therefore, the Court finds that Plaintiff's Amended Motion for Judgment properly joins claims arising out of the same transaction or occurrence and survives Defendant's demurrer and motion to dismiss on that ground. Further, the Court declines to exercise its discretion to sever Count III.

## 2. *Count I: Virginia Consumer Protection Act*

Defendant next demurs to Count I of the MFJ, alleging that it fails to state a claim under § 59.1-196, *et seq.* of the Virginia Consumer Protection Act. It cites *Lambert v. Downtown Garage, Inc.*, 262 Va. 707 (2001), in arguing that Plaintiff, in pleading fraudulent nondisclosure of a material fact, has not alleged that the nondisclosure was committed "knowingly and deliberately," which the Virginia Supreme Court requires in order to seek relief under both the common law and the relevant provision of the Lemon Law. However, in her Amended

Motion for Judgment, Plaintiff has pleaded not only fraudulent concealment, but has also recounted affirmative, allegedly false statements made by Mr. Bennett. (MFJ, & 6.) Indeed, the Motion uses language such as: "As a result of [Defendant's] failure to disclose material facts and/or [Defendant's] *misrepresentations of those facts* to Sykes, [she suffered a loss]." (MFJ, & 31.) Although some portions of the Motion use the phrase "should have known," this occurs only along with alternative language suggesting that Defendant was in fact conscious of the alleged fraudulent misrepresentations ("knew"). Because Defendant's references to statements made by Plaintiff at deposition concerning her belief as to whether or not she was defrauded are outside the proper scope of inquiry for this demurrer, Plaintiff's allegations in Count I should be found sufficient to state a claim under Va. Code § 59.1-196.

This conclusion is bolstered by the fact that Va. Code § 59.1-207, while providing a defense based upon *bona fide* error by the supplier, also explicitly reserves remedies for "individuals aggrieved as a result of an unintentional violation of this chapter."

### 3. *Count II: Constructive Fraud*

In Count II of her MFJ, Plaintiff alleges common law constructive fraud. Defendant demurs to this Count, alleging that it fails to state a claim because the pleading nowhere alleges that Defendant "knew" or "had reason to know" that Plaintiff would rely on the allegedly fraudulent representations. *See Mortarino v. Consulting Engineering Services, Inc.*, 251 Va. 289 (1996). Defendant contends that this Count merely asserts that Defendant *intended* that Plaintiff rely on the information. Specifically, paragraph 38 of the MFJ states: "In order to induce her to purchase the 2000 Honda Accord, Bennett, acting as an agent of Brady-Bushey, told her the vehicle was a one owner vehicle which had only been tapped, with the intent that she rely upon that information."

A pleading of fraud is sufficient if it shows "specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defense accordingly." *Id.* at 295 (citing *Ciarochi v. Ciarochi*, 194 Va. 313, 315 (1952)). In *Mortarino*, the court found that the plaintiff failed to meet this standard. The plaintiff failed to state the specific nature of the fraud with which he charged the defendant. In stating that Mortarino failed to plead that the defendant knew or had reason to know that Mortarino would rely on the misrepresentations, the court was addressing merely the standard of particularity. This is quite different from the substantive elements required for constructive fraud. Addressing the substantive law of constructive fraud, the *Mortarino* court stated:

> [E]lements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation.

*Id.* at 295. This is clearly a lower standard than that asserted by the Defendant in its demurrer.

Because the Plaintiff has specifically alleged that the Defendant told her the vehicle was a one owner vehicle which had only been tapped, with the intent that she rely on the information, she has sufficiently pleaded constructive fraud. Therefore, Plaintiff's allegations in Count II are sufficient to state a claim and Defendant's demurrer is overruled.

### 4. *Count III: Breach of Contract*

Finally, Defendant demurs to Count III, arguing that Plaintiff failed to state a cause of action for breach of contract. Plaintiff has failed to respond to this demurrer in her Memorandum in Opposition to Demurrer. Plaintiff's MFJ alleges that, when Art Bushey made the representation to Plaintiff in August 2002 that he would take care of her problem and that she would be made whole, the Defendant entered into a binding verbal contract with her to indemnify her against her losses related to purchasing a salvage vehicle. Plaintiff alleges that she furnished consideration for that promise in the form of an itemized list of her damages. By later failing and refusing to repurchase the Vehicle or to pay her for her losses, the Defendant breached that contract with Plaintiff.

To claim breach of contract, the Plaintiff must first establish that there was a valid contract to be breached. The essential elements of a contract are offer and acceptance, with valuable consideration. *Montagna v. Holiday Inns, Inc.*, 221 Va. 336, 346 (1980). For an oral contract to be valid and enforceable, the law requires that the terms be "reasonably certain, definite and complete to enable the parties and the courts to give the agreement exact meaning." *Richardson v. Richardson*, 10 Va. App. 391, 395 (1990), *rev'd on other grounds*, 263 Va. 20, 23 (2002) (citing *Smith v. Farrell*, 199 Va. 121, 128 (1957)). An offer is made where it is "clear, definite, explicit, and leaves nothing open for negotiation." *Chang v. First Colonial Savings Bank*, 242 Va. 388, 391-92 (1991). Adequate consideration is described broadly as, "a benefit to the party promising . . . or an inconvenience, loss, or injury or the

risk of it to the party promised." *White v. Alleghany Mountain Corp.*, 159 Va. 394 (1932). It is the "price bargained for and paid for the agreement or promise." *Montagna*, 221 Va. at 346.

The Plaintiff's pleading here fails to state a cause of action for breach of contract. First, the Plaintiff has failed to allege facts showing that an offer had been made. Art Bushey's promise that the Plaintiff's "losses would be covered" is not sufficiently clear to satisfy the legal requirement of certainty. A promise to cover "losses" is too vague, indefinite, and subject to different interpretations to guide either the parties or the court as to the meaning of the agreement. Further, such a promise is not definite enough to create the power of acceptance in the offeree. *Chang*, 242 Va. at 388. Second, Plaintiff fails to allege that she provided valuable consideration in exchange for Mr. Bushey's promise. Though Plaintiff attempts to characterize the itemized list of damages as a valuable consideration, this Court finds that this is not a logical interpretation. There is no indication that the list was sought or given in exchange for the promise. If anything, the list was simply a clarification of the terms of the agreement. The list did not confer a benefit on the Defendant, nor did it confer a loss on the Plaintiff; it simply listed the losses she had already incurred. It was not the price bargained or paid for the Defendant's promise. Therefore, this Court cannot find that there was valuable consideration for the Defendant's promise to cover the Plaintiff's losses.

Defendant's demurrer to Count III is sustained.

## Conclusion

For the reasons stated above, this Court overrules the Defendant's demurrer to the Plaintiff's Motion for Judgment and finds that the Plaintiff has properly joined the claims in this action. Further, this Court overrules the Defendant's demurrers to Count I and Count II, finding that the Plaintiff has properly claimed these causes of action. Finally, as to Count III, this Court sustains the Defendant's demurrer and dismisses the Count.