# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Kerry Lee Winslow

v.

GEICO

November 17, 2014

Case No. (Civil) CL10-2359

By Judge Marjorie T. Arrington

This matter is before the Court on defendant's motion to renew demurrer and plea in bar. The Court has considered the defendant's motion and the arguments of counsel. The Court is of the opinion that defendant's demurrer should be sustained.

The plaintiff filed a complaint against his car insurance company, GEICO, regarding an accident that occurred on June 2, 2005. The plaintiff was driving down a road when Stephen D. Settlemyer fell from the bed of the vehicle and died. The plaintiff was charged with felony hit and run. The plaintiff entered a plea agreement and was ordered to pay $24,568 in restitution to Settlemyer's estate. The plaintiff notified the defendant of the accident and the plea agreement. The defendant failed to pay restitution to the estate and thus allegedly failed to comply with the terms of the plaintiff's policy.

The defendant filed a demurrer and plea in bar. As to the demurrer, the defendant argued that the policy covers all sums which the insured shall become legally obligated to pay as damages because of bodily injury and property damage arising out of the ownership, maintenance, or use of the owned vehicle. The defendant argues that the policy does not cover criminal acts. As to the plea in bar, the defendant moved the Court to dismiss the plaintiff's Amended Complaint as it has not been filed within the statute of limitations period.

The Court overruled the demurrer and plea in bar. The defendant filed a motion to renew the demurrer and plea in bar, arguing that the policy covers damages arising from the negligent operation of the plaintiff's vehicle.

The plaintiff's bill of particulars does not allege his negligent operation of a vehicle, but rather his criminal punishment for leaving the scene of an accident. The defendant also argues that the plaintiff has no standing to collect the requested sum as he is not a party entitled to receive the restitution.

The plaintiff disagrees, responding that the defendant is liable for the amount he owes in restitution.

"The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Abi-Najm v. Concord Condo., L.L.C.*, 280 Va. 350, 356-57 (2010) (citations and internal quotation marks omitted).

"Automobile insurance policies are contracts. The named insured pays consideration for the insurer's covenant to compensate victims for vehicle-caused property losses, personal injuries, and death." *Erie Ins. Co. Exch. v. Jones*, 248 Va. 437, 442–43 (1994). Contracts require a bargained-for-exchange. *Chang v. First Colonial Sav. Bank*, 242 Va. 388, 392 (1991). The defendant bargained to insure property damage and bodily injury. Instead, the plaintiff requests the defendant pay his restitution. Restitution is an element a criminal court must consider in order to suspend any portion of a sentence or to place the defendant on probation. Code § 19.2-305.1. It is also part of the punishment of the defendant. *See Kelly, Connecticut Chief Staff Attorney v. Robinson*, 497 U.S. 36 (1986). Though Settlemyer did injure himself, insuring against property damage and bodily injury as the result of the ownership, maintenance, or use of the insured automobile is not the same as insuring against criminal restitution due to a criminal violation. Further, the defendant did not contract to pay to allow the defendant to be placed on probation or to have his sentence suspended. Consequently, the plaintiff has failed to state a cause of action. The Court sustains the defendant's demurrer.

Further, no allegations in any amendment of the plaintiff's complaint properly allege a cause of action against the defendant. *See Meade v. Grigsby's Adm'rs*, 67 Va. (26 Gratt.) 612, 614 (1875) ("Ordinarily, it is considered premature upon a general demurrer wholly to dismiss the bill, unless the complainant's case is . . . such, that no discovery or proof properly called for by, or founded upon the allegations in the bill, can possibly make it a proper cause of action."). Even if the Court granted the plaintiff leave to amend, there is no fact the plaintiff can allege that changes the contractual liability of the defendant. As such, the Court dismisses the plaintiff's complaint with prejudice.

The defendant also filed a plea in bar. As the Court has dismissed this case with prejudice, it need not rule on the plea in bar.